1. ADMINISTRATORS—ASSETS.
   An administrator may sell a claim for rent which had accrued to an intestate before his death.

2. SAME—PAYMENTS.
   Though the administrator and the next of kin are tenants in common of realty, the administrator cannot, as against the next of kin, pay taxes and assessments or interest on mortgages on the realty and for insurance and repairs out of personalty.

In the matter of the estate of John M. Foulds, deceased. Judicial settlement of the accounts of administrators. Decree rendered.

Andrew Foulds, Jr., for administrators.
William F. MacRae, for objectors.

THOMAS, S. The claim against John C. Smith for rent of the Passaic House accrued and was fully due during the lifetime of the intestate. The undivided interest of the intestate in this claim was therefore a personal asset, which could be sold by the administrator. The sale appears to have been made after due notice and in good faith, and the amount received, though small, is not shown to be inadequate. The report of the referee approving of this is affirmed. The acting administrator and his brother were tenants in common with the intestate in certain real property in New Jersey. The next of kin, entitled to the personalty of the intestate, were also his heirs at law, and as such acquired interests in such real estate. Taxes and assessments upon this real estate, interest on mortgages upon it, and insurance premiums on policies of insurance upon it, were paid by the acting administrator. He also paid certain sums for repairs on a house. All of these disbursements are set forth in the account,

and the next of kin are sought to be charged, out of their respective interests as next of kin in the personalty, for their equitable shares as heirs at law of such expenses. It is quite clear that, independent of other facts, these payments were not such as an administrator could lawfully make, and that they each of them constituted a breach of trust. In re Selleck, 111 N. Y. 284, 287, 19 N. E. 66. As to Mrs. McArthur, they may be allowed, for she was an administratrix and joined in the account, and has not excepted to the report of the referee allowing them. As to Mrs. Wilson, the payments for taxes, assessments, and interest on mortgages on the real property of the deceased, which became due and payable after his death and prior to October 9, 1900, they may be allowed because of her stipulation in writing of that date consenting thereto, and upon the faith of which payment was thereafter made by the acting administrator to himself and his brother in reimbursement for payments by them therefor. The whole transaction constituted an estoppel of Mrs. Wilson to this extent. Perry, Trusts, §§ 849, 850. Payments for amounts which became due after that date are disallowed. For a similar reason Mr. Andrew R. Foulds is estopped from objecting to such payments for taxes, assessments, and interest which were payable on or prior to July 19, 1900, that being the date of a letter from him on the subject, and the meaning of the language of the letter being made more distinct by uncontradicted evidence of contemporaneous conversations with him. Mrs. McIntyre consistently refused to make any consent on the subject, and all the payments must be disallowed as to her. The repairs on the Rutherford House were not made under any contract with the decedent, and the finding of the referee to the contrary must be reversed. The only evidence offered on the subject was clearly incompetent and properly excluded. No consent or waiver was given or made by any of the objecting next of kin to any payments for such repairs, and they must, therefore, be disallowed as against each of them. The objections to payments for services rendered to the administrators by their counsel are overruled. The administrators will be allowed commissions and costs for preparing the account; the disbursements of the accounting, including the fees of the referee and the stenographer, will be paid out of the estate. No other costs will be allowed.

Decreed accordingly.